FILED

JUN 23 2015

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

1  Roy Tuck
   1600 E. Vista Way #85
2  Vista, CA  92084
   Ph: 760-840-1551
3

4  In Pro Se

5

6

7

8              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF CALIFORNIA
9

10 ROY TUCK,                          )  CASE NO:  15 CV 1377 DMS WVG
                                      )
11      Plaintiff,                    )  VERIFIED COMPLAINT FOR DAMAGES
                                      )
12      vs.                           )  VIOLATION OF 15 U.S.C. 1692 *et seq.* FDCPA
                                      )  VIOLATION OF 47 U.S.C. 227 *et seq.* TCPA
13 RECEIVABLES PERFORMANCE            )  VIOLATION OF CALIFORNIA ROSENTHAL
   MANAGEMENT                         )
14 Does 1-25,                         )  FAIR DEBT COLLECTION PRACTICES ACT
        Defendants,                   )  CC 1788 *et seq.*
15                                    )
                                      )  DEMAND FOR JURY TRIAL
16 ─────────────────────────────────
                      **COMPLAINT**

17      Plaintiff, ROY TUCK, "In Pro Se" individually hereby sues Defendant RECEIVABLES

18 PERFORMANCE MANAGEMENT for violations of the (FDCPA) 15 U.S.C. §1692, for

19 violations of the (TCPA) 47 U.S.C.  §227(a)(iii),  and the California Rosenthal Fair Debit

20 Collection Practices Act Civil Code 1788.

21                   **PRELIMINARY STATEMENT**

22  1.  This is an action for damages and injunctive relief brought by the Plaintiff against

23      Defendant for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227,

24      47 U.S.C. §227(b)(1), 47 U.S.C. §227(a)(iii).  Violations of the Fair Debt Collection

25      Practices Act (FDCPA) 15 U.S.C. §1692c(a)(1),  Fair Debt Collection Practices Act

26      (FDCPA) 15 U.S.C. §1692d(5) and Fair Debt Collection Practices Act  (FDCPA)

27      15 U.S.C. §1692D(6), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692e(10),

28      and the California Rosenthal Fair Debt Collection Practices Act (CFDCPA).

VERIFIED COMPLAINT FOR DAMAGES            ORIGINAL COURT COPY            Page 1

2.  Plaintiff contends that the Defendant RECEIVABLES PERFORMANCE MANAGEMENT has violated such laws by repeatedly harassing the Plaintiff in attempts to collect an alleged but nonexistent debt.

## JURISDICTION AND VENUE

3.  Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), California Stat. §1788, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under California Code of Civil Procedure §410.10. Defendant conducts business in the state of California and therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. §1391b and California Civil Procedure §395(a). Venue in this district is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

5.  This is an action for damages which exceed $50,000.00.

## PARTIES

6.  Plaintiff, ROY TUCK, ("TUCK") is a natural person and is a resident of the State of California, San Diego County.

7.  Upon information and belief Defendant, Receivables Performance Management ("RPM") is a foreign corporation, authorized to do business in California, with a corporate headquarters located at 20816 44th Ave. W, Lynwood, Washington, USA. Upon information and belief the registered CEO/Agent is Howard George..

8.  Defendant RPM is an entity which collects debts, bring it within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788 ("CFDCPA").

## FACTUAL ALLEGATIONS

9.  Plaintiff TUCK has no prior or present established relationship with the defendant RPM.

10. Plaintiff TUCK has never given Defendant RPM express written permission to call Plaintiff TUCK'S cellular phone.

11. Plaintiff TUCK has no contractual obligation to pay Defendant RPM.

12. From February 28, 2015 thru May 8, 2015, Defendant RPM violated the TCPA by leaving

1  20 recorded messages using a automatic telephone dialing system or artificial or

2  prerecorded voices on Plaintiff's cell phone number 760-840-1551.

3  13.  From February 28, 2015 thru May 8, 2015, Defendant RPM violated the TCPA by calling

4  Plaintiff's cell phone 20 times with no prior permission given by Plaintiff.

5  14.  From February 28, 2015 thru May 8, 2015 the Defendant RPM violated the TCPA on

6  numerous occasions by leaving recorded messages on Plaintiff's cell phone without

7  express written permission.

8  15.  From February 28, 2015 thru May 8, 2015 the Defendant RPM asserted a right which it

9  lacks, to wit, the right to enforce or collect a debt.

10  16.  From February 28, 2015 thru May 8, 2015 Defendant RPM failed to identify that they

11  were debt collectors trying to collect a debt.

12  17.  On April 11, 2015, RPM illegally requested and received TUCK'S personal consumer

13  credit report, this illegal intrusion into Tuck's personal consumer credit file constitutes a

14  willful and negligent violation of 15 USC §1681(b) which would also be a criminal

15  offense (felony) punishable under Title 18 USC, the penalty being a fine and or and or two

16  years imprisonment, and a civil liability exists within 15 USC §1681n. This violation may

17  also constitute a tort claim for identity theft.

18  18.  On May 13, 2015, Plaintiff TUCK sent Defendant RPM a NOTICE OF INTENTION TO

19  COMMENCE ACTION by United States Certified Mail Receipt

20  #7014 0510 0001 5651 5728 which Defendant RPM received on May 18, 2015.

21  To date RPM has not responded to any/all communication efforts by Plaintiff TUCK.

22
23  **COUNT 1**
**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT**
**47 U.S.C. §227(b)(1)(A) BY DEFENDANT GUARDIAN PROTECTION SERVICES**

24  19.  Plaintiff TUCK alleges and incorporates the information in paragraphs 1 through 17.

25  20.  Defendant RPM has demonstrated willful and knowing non-compliance with

26  47 U.S.C. §227(b)(1)(A) by using automatic telephone dialing system to call the Plaintiff's

27  number 760-840-1551 which is assigned to a San Diego County cellular service provider

28  T-mobile and ***listed on the National Do Not Call list since November 8, 2007.***

21. **47 U.S.C. §227(b)(1)(A) states in part;**
    (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.-
    (1) PROHIBITIONS.- It shall be unlawful for any person within the United States, or any
       person outside the United States if the recipient is within the United States-
    (A) To make any call (other than a call made for emergency purposes or made with the
       prior express written consent of the called party) using any automatic telephone
       dialing system or an artificial or prerecorded voice -

22. Defendant RPM has called the Plaintiff TUCK'S cell phone number no less than 20 separate times using an automatic dialing system.

23. Defendant RPM has committed 20 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff TUCK is entitled to damages of $500 dollars for the first call and $1500 for each additional violation after the first call pursuant to 47 U.S.C. §227(b)(3)(B).

24. Defendant RPM has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last 19 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as those calls were intentional. Plaintiff TUCK spoke with a RPM representative once after TUCK'S sending RPM'S receiving the mailed *Notice of Intention to Commence Action* and RPM through their office representative assured Plaintiff TUCK that all calls would stop. Since then RPM refuses and continues to violate 47 U.S.C. An "*unintentional*" call carries a damage amount of $500.00 per call, an "*intentional"* call carries a damage amount of $1,500.00 per violation.

25. Defendant RPM has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's TUCK'S cell phone number, which is assigned to a National cellular telephone service T-Mobile. The Plaintiff TUCK has never given RPM express written permission to call the Plaintiff's TUCKS cell phone. Plaintiff TUCK is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff TUCK and RPM do not have an established business relationship within the meaning of 47 U.S.C. §227.

    **WHEREFORE**, Plaintiff TUCK demands judgement for damages against RPM for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C. §227.

///

///

## COUNT II
### VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA), 15 U.S.C. §1692c(a)(1) BY DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT

26.   Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

27.   Defendant RPM placed no less than 20 telephone calls to the Plaintiff's cellular telephone.

28.   Defendant RPM knew that the phone calls made were inconvenient to Plaintiff TUCK.

29.   Defendant RPM violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff TUCK'S cellular phone on dates and times listed in detail in **"ATTACHMENT A"** enclosed with this complaint, <u>with no express prior permission given by Plaintiff TUCK.</u>

30.   Such communication is prohibited by 15 U.S.C. §1692c(a)(1).

31.   **15 U.S.C. §1692c(a) states in part;**

    (a)   <u>COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection withe the collection of a debt -</u>

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against RPM for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692c(a).

## COUNT III
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES AT (FDCPA) §1692d(5) BY DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT

32.   Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

33.   Defendant RPM violated 15 U.S.C. §1692d(5) by calling the Plaintiff no less than 20 times causing the Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse, or harass the Plaintiff with no prior permission given by Plaintiff.

34.   This intentional and repeated calling by RPM has caused the Plaintiff TUCK undue stress, confusion, nervousness and embarrassment.

35.   **15 U.S.C. §1692d(5) states in part;**
<u>A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of he foregoing, the following conduct is a violation of this section:</u>

(5)  <u>Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.</u>

**WHEREFORE,** Plaintiff demands judgement for damages against RPM for actual,

statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692d(5).

**COUNT IV**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),**
**15 U.S.C. §1692d(6) BY DEFENDANT RECEIVABLE PERFORMANCE MANAGEMENT**

36.  Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

37.  Defendant RPM violated 15 U.S.C. §1692d(6) by calling the Plaintiff TUCK without

meaningful disclosure of the caller's identity on no less than 20 separate and independent

call times with no prior express permission by Plaintiff TUCK.

38.  **15 U.S.C. §1692d(6) states in part;**
<u>A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:</u>

(6)  <u>The placement of telephone calls without meaningful disclosure of the caller's identity.</u>

**WHEREFORE,** Plaintiff demands judgement for damages against RPM for actual,

statutory, and punitive damages, attorney's and costs, pursuant to 15 U.S.C. §1692d(6)

**COUNT V**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),**
**15 U.S.C. §1692e(10) BY DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT**

39.  Plaintiff TUCK alleges and incorporates the information in all paragraphs.

40.  Defendant RPM violated 15 U.S.C. §1692e(10) by the use of false representation

or deceptive means to collect or attempt to collect a debt or to obtain information

concerning a consumer.

41.  **15 U.S.C. §1692e(10) states in part;**
<u>A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:</u>

(10)  <u>The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning consumer.</u>

1    **WHEREFORE,** Plaintiff demands judgement for damages against RPM for actual,

2  statutory, and punitive damages, attorney's and costs, pursuant to 15 U.S.C. §1692e(10).

3

4  **<u>COUNT VI</u>**
   **<u>VIOLATION OF 15 USC §1681(b) & 15 USC §1681n</u>**
5  **<u>SECTION 604 OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT</u>**
   **<u>RECEIVABLES PERFORMANCE MANAGEMENT</u>**
6

7  42.   Plaintiff TUCK alleges and incorporates the information in all paragraphs.

8  43.   Plaintiff TUCK recently obtained a copy of his consumer credit report and discovered that

9        on April 11, 2015 Defendant RPM illegally obtained a copy of Plaintiff TUCK's personal

10       consumer credit file in it's entirety. RPM is a "debt collector" pursuant to 15 USC §1681.

11       ROY TUCK is a "consumer" as that term is defined in 15 USC§1681 *seq.* RPM is not a

12       <u>creditor</u>, and I have not applied for, neither received any services or credit with RPM,

13       therefore RPM's illegal and willful intrusion into TUCK'S personal consumer credit file

14       constitutes a willful and negligent violation of 15 USC §1681(b) which is a criminal

15       offense (felony) punishable under Title 18 USC, the penalty being a fine and or two years

16       imprisonment, and a civil liability exists within 15 USC §1681n.

17  44.   This violation may also constitute a federal tort claim for identity theft.

18  45.   **Section 604 of the Fair Credit Reporting Act 15 USC §1681 *et seq.* states in part;**

19       <u>Permissible purposes of consumer credit reports , any consumer reporting agency may</u>
         <u>furnish a consumer credit report under the following circumstances and no other:</u>
20
         (1) <u>In response to the order of a court having jurisdiction to issue such an order, or a</u>
21            <u>subpoena issued in connection with preceedings before a Federal grand jury.</u>

22       (2) <u>In accordance with the written instructions of the consumer to whom it relates.</u>

23       (3) <u>To a person which it has reason to believe –</u>
            **(A) intends to use the information in connection with a credit transaction**
24          **involving the consumer on whom the information is to be furnished and**
            **involving the extension of credit to, or review or collection of an account**
25          **of the consumer.**

26  **WHEREFORE,** Plaintiff demands judgement for damages against RPM for actual,

27  statutory, and punitive damages, attorney's and costs, pursuant to Section 604 of the Fair Credit

28  Reporting Act and 15 USC §1692 *et seq.*

---

### COUNT VII
### VIOLATION OF CALIFORNIA ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT  CC 1788 *et seq.*
### BY DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT

46.  Plaintiff TUCK alleges and incorporates the information in all previous paragraphs.

47.  Plaintiff TUCK is a consumer within the meaning of 15 U.S.C. 1692 *et seq.*

48.  Defendant RPM is seeking to collect a consumer debt from Plaintiff TUCK as defined by California Civil Procedure §1788(f).

49.  The account in question is a consumer credit transaction as defined by California Civil Procedure §1788(e) as Plaintiff TUCK has allegedly received property, services or money from the Defendant RPM or an extension of credit, and such property, services or money was used primarily for personal, family or household purposes.

50.  Defendant RPM violated §1788.11(d)  of the California Fair Debt Collection Practices Act (CFDCPA) by placing collection calls to Plaintiff TUCK repeatedly and continuously so as to annoy Plaintiff TUCK.

51.  Defendant RPM violated §1788.17 of the California Fair Debt Collection Practices Act (CFDCPA) by placing collection calls to Plaintiff TUCK with such frequency as to be unreasonable and to constitute a direct intentional harassment to Plaintiff TUCK under the circumstances.

52.  Defendant RPM violated Section §1788.17 of the California Fair Debt Collection Practices Act (CFDCPA) by continuously failing to comply with the statutory regulations contained within the Fair Debt Collection Practices Act (FDCPA)

15 U.S.C. §1692 *et seq.*

I.  Defendant RPM violated §1692d of the Fair Debt Collection Practices Act (FDCPA) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff TUCK.

ii.  Defendant RPM violated §1692d(5) of the Fair Debt Collection Practices Act (FDCPA) a cellular telephone to ring repeatedly and continuously with the intent to annoy, abuse, or harass Plaintiff TUCK.

1    **WHEREFORE,** Plaintiff demands judgement for damages against RECEIVABLES

2    PERFORMANCE MANAGEMENT, "RPM", for actual, statutory, and attorney's fees

3    pursuant to §1788.30(b) and costs pursuant to §1788.30(c) .

4

5    **<u>DEMAND FOR JURY TRIAL</u>**

6    Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

7    Respectfully submitted this 24th  day of June, in the year of 2015.

8

9    ROY TUCK
     1600 E. Vista Way #85
10   Vista, CA 92084
     Ph: 760-840-1551
11

12   <u>In Pro Se</u>

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## **VERIFICATION**

**<u>Declarations of Roy Tuck</u>**

I, Roy Tuck declare as follows:

1. I am the Plaintiff in the above-entitled case.

2. I am of age, sound and mind and competent to testify to all of the facts based on first hand knowledge of above-items so stated.

3. I have been damaged financially, socially and emotionally as a direct result of Defendant's RPM'S unlawful actions and conduct.

4. I have read the foregoing pleading and know the facts therein stated to be true and correct.

5. I declare, under the penalty of perjury pursuant to the laws of California and the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

Roy Tuck/ Declarant

///
///
///
///
///
///
///
///
///
///
///

# "ATTACHMENT A"

Here is a list of strict statutory (TCPA)(FDCPA) & (CFDCPA)
violations committed by the
Defendant RECEIVABLES PERFORMANCE MANGEMENT. "RPM"

At the present time violations include calls to my personal T-Mobile cellular
service providers cell phone 760-840-1551 on the below listed dates:
Note * Please take notice that two of these illegal calls were made before and after
the US Governments  of practical business hours to call a person.

1 -   February 28, 2015 @  2:55 p.m. (from 855-420-0215)

2 -   April 8, 2015       @ 12:51 p.m. (from 855-807-5222)

3 -   April 8, 2015       @ 12:51 p,m. (from 855-807-5222)

4 -   April 10, 2015      @ 12:13 p.m. (from 866-670-7627)

5 -   April 10, 2015      @ 12:13 p.m. (from 866-670-7627)

6 -   April 12, 2015      @  9:49 a.m. (from 866-670-7627)

7 -   April 12, 2015      @ 2:01 p.m.  (from 866-670-7627)

8 -   April 12, 2015      @ 2:01 p.m.  (from 866-670-7627)

9 -   April 16, 2015      @ 3:35 p.m.  (from 855-838-5122)

10-   April 17, 2015      @ **7:55 am**    (from 855-681-3196) **(non-business hours)**

11-   April 19, 2015      @ 9:51 a.m.  (from 855-420-0215)

12-   April 19, 2015      @ 5:00p.m   (from 866-670-7627)

13-   April 20, 2015      @ 3:13p.m.   (from 866-670-7627)

14-   April 21, 2015      @ 11:41 a.m. (from 866-670-7627)

15-   April 21, 2015      @ 6:14 p.m.  (from 866-670-7627)

16-   April 22, 2015      @ 6:09 p.m.  (from 866~670-7627)

17-   April 22, 2015      @ **9:02 p.m.**   (from 866-670-7627)**(non business hours)**

18-   April 23, 2015      @ 3:10 p.m.  (from 866-670-7627)

19-   April 26,2015       @ 10:00 a.m. (from 866-670-7627)

20-   May8, 2015          @ 11:25 a.m. (from 866-670-7627)

///

---

**ATTACHMENT A**
VERIFIED COMPLAINT FOR DAMAGES